Curia, per Dunkin, Ch.
This court concur in the judgment of the Chancellor, and are of opinion that the appeal should be dismissed.
It may not be improper to add that the $20 note, on which the judgment against the administrator was obtained, and the land sold, had been barred by the Statute of Limitations nearly two years before the suit against the administrator was instituted. It was the duty of the administrator to have interposed the plea of the statute. Payment by him of a demand thus barred, would be a devastavit. It can constitute no claim against the heir, ei *256 ther on the part of the administrator, or of the holder of the note. Although by the statute of George 2d, lands in the possession of the heir are liable for the payment of the simple contract debts of the ancestor, yet in that case the cause of action must be established against the heir, and he is not bound by a judgment against the executor or administrator, to which he was neither party nor privy; and so it was decided in Vernon vs. Valk, 2 Hill C. R. 261.
The decree of the Circuit Court is affirmed, and the appeal dismissed.
Harder and Johnson, Chancellors, concurred.